UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES S. McFARLAND,

     Plaintiff,

v.                                  CASE NO. 8:13-cv-3076-T-23MAP

CITY OF TAMPA, *et al.*,

     Defendants.

_____/

# O R D E R

    McFarland alleges that the defendants violated his civil rights under 42 U.S.C. § 1983 when they illegally arrested and confined him without cause and searched his apartment without a warrant.  McFarland also alleges that six months later he was again illegally arrested.  Pending is the defendant's motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.  (Doc. 54)

## PROCEDURAL HISTORY AND FACTS

    An earlier order (Doc. 18) dismisses defendants "Tampa Police Department" and the "City of Tampa" but allows McFarland to proceed with his claims against three police officers.  McFarland filed an amended complaint (Doc. 20), which re-alleges his claims against the three police officers and persists in retaining the "City of Tampa" as a defendant.

The amended complaint alleges violations of the Fourth Amendment (Counts I, III, and IV), the Eighth Amendment (Count II), the Fourteenth Amendment (Count VI), and the "Hate Crimes Reporting Act," Section 877.19(2), Florida Statutes, (Count V). An earlier order dismisses Counts II (Eighth Amendment inapplicable to pre-trial detainees), Count III (arresting officers not subject to malicious prosecution claim under Fourth Amendment), and Count IV (an outstanding arrest warrant authorized the second arrest). McFarland filed a second amended complaint (Doc. 53), which is the governing pleading.

The second amended complaint retains each police officer as a defendant and substitutes Jane Castor, Chief of the Tampa Police Department, for the "City of Tampa." The defendants move to dismiss part of the second amended complaint, which motion McFarland opposes. (Docs. 54 and 55)

The defendants accurately summarize McFarland's factual allegations in their motion to dismiss (Doc. 54 at 2–3):

> On August 6, 2012, around 8:30 p.m., the Plaintiff was outside in his front yard washing a car when he was approached by Tampa Officers Fisher and Verble. The Officers asked about shots fired in the neighborhood and the Plaintiff answered all of their questions. The Plaintiff allowed the officers to test his hands for gun residue and the test was negative. The Plaintiff was handcuffed by Officer Verble and placed in an unventilated patrol car for 3 to 4 hours. At some point the officers gained entry into the apartment on the pretense of allowing Plaintiff to get relief from the hot car. The officers entered the apartment and were inside for 3 to 4 hours. During this time, the apartment was searched without consent, exigent circumstances or a warrant. Thereafter, a warrant was delivered and provided to the Plaintiff. The Plaintiff was then arrested for possession of

> cannabis, felon in possession of a firearm, possession with
> intent to deliver a controlled substance, possession of a
> controlled substance, and possession of drug paraphernalia,
> which were prosecuted in Thirteenth Judicial Circuit case
> numbers 12-CF-011647 and 12-CF-014389. The Plaintiff was
> released from jail on a surety bond.
>
> On October 12, 2012, the Plaintiff was driving and was pulled
> over by Tampa Officer Ortiz-Saldana for not having a valid
> registration. The Plaintiff alleges that he was arrested for the
> registration offense even though he showed Officer Saldana
> proof that the registration was up to date and valid. As a result
> of being arrested for the driving offense, the Plaintiff's bond, for
> the August 6th charges, was revoked. In November 2012, the
> registration charge was dismissed; however the Plaintiff
> remained incarcerated for the August 6th charges. In March
> 2013, the evidence which formed the basis for the August 6th
> charges was suppressed and case numbers charges 12-CF-
> 011647 and 12-CF-014389 were dismissed.

McFarland provides a copy of the state judge's order that suppressed the

evidence seized during the search of McFarland's apartment, which order finds that

"the exclusionary rule requires suppression of evidence uncovered during the

[protective] sweep" inside the apartment because "the protective sweep of the house

was [not] justified."  (Doc. 55-2 at 4)

## **MOTION TO DISMISS**

On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure,

the allegations in the complaint are viewed in the light most favorable to the plaintiff.

*Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321

F.3d 1334, 1335 (11th Cir. 2003).  Although a *pro se* complaint receives a generous

interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v.*

*Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  As a consequence, *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Ashcroft v. Iqbal*, 556 U.S. at 678, explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." As *Iqbal*, 556 U.S. at 678–79, teaches, "plausibility" is greater than a mere "possibility" but less than a "probability."

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "shown" — "that the pleader is entitled to relief."

## DISCUSSION

Unlike the first amended complaint, the second amended complaint contains a narrative instead of separately numbered counts. From this narrative the defendants identify six specific issues, which they number I–VI, that they contend should be dismissed. McFarland agrees to the dismissal of I (McFarland's second arrest by Officer Saldana), II (Eighth Amendment is inapplicable to a pre-trial detainee), and V (intra-corporate conspiracy doctrine precludes a claim against law enforcement officers). McFarland opposes the dismissal of III, IV, and VI. Because they involve

similar issues of custom, policy, or official capacity, issues III and VI are addressed first.

**Issue III:**

The defendants move to dismiss Chief Castor because the second amended complaint fails to allege (1) that she was directly involved in the violation of his rights, (2) that she had advance knowledge that the officers would violate McFarland's rights, (3) that the department has a custom or policy that permits this type of violation of rights, or (4) that the existence of widespread violation of rights by her officers should have alerted her to the likelihood of this type of violation of rights.  McFarland argues against the dismissal of Chief Castor because she is responsible for the department's policies and the training of her employees.

A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*.  Although permitted in a civil tort action, the principle of *respondent superior* is inapplicable in a Section 1983 action.  *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978);  *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*).  McFarland must show that the officers acted according to a custom or policy.  *Kelly v. Broward Sheriff's Office Dep't of Detention*, 560 Fed. App'x 818, 821 (11th Cir. 2014).  McFarland identifies neither a policy nor a custom that permits officers to conduct a search in violation of the Fourth Amendment.

Additionally, McFarland identifies no training that was inadequate, how that specific training effected the underlying alleged civil rights deprivation, and how Chief Castor was charged with providing that training.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989).  These requirements were explained further in *Williams v. City of Homestead, Fla.*, 206 Fed. App'x 886, 890 (11th Cir. 2006).[*]

> We have held that a § 1983 failure-to-train claim against a municipality is valid only in the limited circumstances where a plaintiff can show that:  (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Defendant Chief Castor is entitled to a dismissal from this action.

## Issue VI:

The defendants move to dismiss McFarland's claims against the police officers in their official capacity.  To pursue a claim in a defendant's official capacity, a plaintiff must allege facts showing that an official policy or custom caused the alleged injury.  An official capacity claim is actually a claim against the governmental entity without regard to the name of the person who holds the official position.  *Kentucky v. Graham*, 473 U.S. 159 (1985).  For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office, whereas an individual capacity claim stays with the individual (if the individual leaves the office) and does not transfer to the person holding the office.  To

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson,* 454 U.S. 312, 326 (1981) (*citing Monell*, 436 U.S. at 694).

To establish liability based on a failure to provide adequate training, a plaintiff must show that the "municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants . . . ." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).  As a consequence, to allege a claim of failure to provide adequate training McFarland must identify what training was inadequate, how that specific training effected the underlying claimed civil rights deprivation, and how each specific defendant was liable for providing that training. *See Harris*, 489 U.S. at 390–91 ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program . . . .  Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."); *Jones v. Cannon*, 174 F.3d 1271, 1293 (11th Cir. 1999) ("There is no *respondeat superior* making Defendant Cannon in his official capacity or the Sheriff's Office liable for the wrongful acts of its officers . . . .").

McFarland asserts the following justification for not dismissing the defendants in their official capacity (Doc. 55 at 3):

> It's correct that the suffering of Plaintiff deprived of Federal Rights at the hands of municipality employees does not imply or prove that the municipality is culpable or caused the deprivation, but these Defendants where [*sic*] a badge of honor and are a representation of thier [*sic*] organization that makes the Defendants and the City of Tampa who they represent responsible for the acts it commits on thier [*sic*] citizens.

McFarland's justification fails to assert a valid official capacity claim because McFarland's claims against the police officers is based on their direct involvement. As discussed above, McFarland cannot hold Chief Castor — as the employer or supervisor of the police officers — liable under the theory of *respondeat superior*. The defendants are entitled to a dismissal of McFarland's official capacity claims.

## Issue IV:

The defendants move to dismiss McFarland's claim that the defendants committed a "Hate Crime." Affording the second amended complaint a generous interpretation, McFarland's allegation of racial animus is based on Officers Verble and Fisher allegedly calling him "nigger, coon, [and] black monkey with dreds." Although the second amended complaint fails to assert a statutory basis for the "Hate Crime" allegation, the original complaint attempted to assert a cause of action under Section 877.19, Florida Statutes, but, as the defendants correctly argue, that statute provides for only collecting information and not for a private cause of action.

Additionally, neither name calling nor verbal abuse rises to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional

violation); *Hernandez v. Florida Dep't of Corr*, 281 Fed. App'x 862, 866 (11th Cir. 2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"). McFarland's assertion of a "Hate Crime" lacks merit.

Accordingly, the defendants' motion to dismiss (Doc. 54) is **GRANTED**. Chief Jane Caster and Officer Antonio Ortiz-Saldana are dismissed from this action. McFarland's claims under the Eighth Amendment, conspiracy, "Hate Crime," and official capacity are dismissed. Officers Verble and Fisher remain as defendants in this action and must answer within **TWENTY DAYS**. Each party has until **MONDAY, MAY 17, 2016**, to complete discovery and **FORTY-FIVE (45) DAYS** after the close of discovery to move for summary judgment.

ORDERED in Tampa, Florida, on February 22, 2016.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 10 -